## MOSES BRADBURY *versus* SACO WATER POWER COMPANY.

A motion to set a verdict aside as against evidence, must be supported by a report of the *whole* testimony.

If not accompanied by such report the motion will be overruled.

MOTION FOR A NEW TRIAL, from *Nisi Prius*, HOWARD, J., presiding.

This was an action on the case for damages. The verdict was for the plaintiff; and a motion to set aside the verdict and for a new trial was filed.

*S. W. Luques* and *Hayes*, for plaintiff, opposed the motion for a new trial, on the following grounds: —

*First.* Because the defendants have not complied with the law, and their motion is not now properly before the Court, and cannot be considered by it.

*Second.* The case, even as now reported and presented, justified the jury in returning the verdict they did.

Upon the first point, we say that this action was tried at

the September term, 1855, and a verdict rendered for the plaintiff, and thereupon the defendants made a motion for a new trial. The first, second and third reasons for the same, and only these, were filed in conformity with the rule of Court. The fourth reason, (and we now have reference to these words,—"Because the damages rendered were excessive,") was "inserted" subsequently and long after the time allowed by rule of Court; plaintiff's counsel objecting. The report of the case was drawn some six weeks after verdict, as we are informed, and the plaintiff's counsel did not have any proper and sufficient time or opportunity for examining the same, and did not in any manner assent to its correctness; and now find, on examination, that only a part of the testimony has been reported, and only two deeds, out of eleven that were in the case, are copied and made a part of the same. It will also be noted, that the report in this case was not filed in the clerk's office until the sixth day of May, as appears by his certificate on the bottom of the writ. And it was not until after that time, that we had any opportunity of seeing or knowing the contents of the report.

In this case, the Court is requested to set aside the verdict, because the evidence did not authorize the jury to find the verdict which was rendered. It is perfectly apparent, that for this Court to judge of that fact, the whole case, all of the testimony, must be reported. Such is not the fact.

The certificate of the presiding Judge is as follows:— "The foregoing, though not a full and complete statement of the evidence, is substantially correct, as I find by comparison with my minutes taken at the trial."

This certificate of the presiding Judge amounts in fact to a certificate that the statute regulations, by force of which a new trial is sought, have not been complied with.

" When a motion is made and filed in the Supreme Judicial Court, that a verdict may be set aside, as being against law, or the direction of the Court, or against evidence, the whole evidence shall be drawn up in the form of a report, and

signed by the presiding Judge," &c. R. S., c. 115, § 101, and amendment in 1841; R. S., pp. 784 and 785.

The case itself finds that "plaintiff introduced several deeds which may be referred to, but only two are to be copied," &c. Can your Honors know, *ex officio*, the contents of these deeds that are not copied, nor to be copied, so that you can judge whether they in fact authorized the jury to render the verdict they did? To this point, we cite the case of *Rogers* v. *Kennebec & Portland R. R. Co.* 38 Maine, 227.

*J. M. Goodwin* and *Eastman & Leland,* for defendants, (on the first of the two points raised by the plaintiff,) contended:

1. That if the Court will examine the minutes made by the clerk and annexed to the motion, they will perceive that this 4th reason was inserted by leave of Court, at the adjourned term in November following the trial in September. By referring to the Rules and Orders of the Supreme Judicial Court, adopted July, 1855, and to Rule No. 17, we find the following:—"Motions for new trials must be made in writing and assign the reasons thereof, and must be filed within two days after verdict, unless the Court, for good cause, by special order, shall enlarge the time." Here the time was enlarged. The rule does not require that a motion for enlargement of time, should appear of record. If the clerk's entry shows that the defendant was permitted to file his 4th reason, it is to be presumed that permission was granted on such a state of facts, as would authorize the Court, in the exercise of a reasonable discretion, to grant the motion.

2. The plaintiff contends in his answer, that it is not competent for the Court to entertain the motion filed for a new trial, because the case shows that a full and complete report of the evidence is not presented, or certified by the "presiding Justice." By referring to the 18th Rule of Court, as found on page 10th of Rules and Orders, adopted July, 1855, it will be seen, that "when a party shall file a motion for a new trial, upon evidence, as reported by the presiding Judge," such party shall "report the evidence, and give due notice

thereof to the adverse party or his counsel, and present the same to the Judge, within six days after the verdict shall have been rendered, and before the adjournment of Court, if that shall sooner take place; and unless that be so done, the Judge shall not be required to sign the same."

Now, although it appears by the certificate, that the report was not filed in the clerk's office until the 6th of May, 1856, yet it does not appear but that the report might have been made up prior to the adjournment of September Court, and duly presented to counsel; and as the certificate of the presiding Justice has no date affixed to it, the fair and legal presumption is, that the forms of law had fully been complied with; otherwise the presiding Justice would not have made the certificate.

The Court will perceive that the opinion in Rogers' case, referred to by plaintiff's counsel, was delivered probably in 1854. If so, then it was prior to Rule 18, as adopted in July, 1855, by the Supreme Court; and we contend that Rule No. 18 changed the practice, in regard to the manner and mode whereby "motions for a new trial" were to be prepared and presented to the Court.

But we say further, that there is a material difference in the certificate as made in Rogers' case and the certificate made by the presiding Justice in the case at bar.

In Rogers' case, the certificate of the Justice does not profess to give a full or substantial report of the evidence, but only so much of the evidence as had a bearing on one point of the case. In the case at bar, the certificate of the presiding Justice is, that "The foregoing, though not a full and complete statement of the evidence, is substantially correct."

In Rogers' case, the certificate purports simply to state only a portion of the testimony. In our case, all the evidence having any bearing on any one of the several reasons assigned for a new trial is fully reported.

In Rogers' case, it does not appear that Gilbert, counsel for plaintiff, ever saw the report, (as is now required by the

18th rule,) whereas, in the case at bar, the counsel did see it and examine the same.

In Rogers' case, it does not appear, " that all the evidence on which the verdict was found" was presented for the consideration of the Court. In the case at bar, no such inference can fairly be drawn.

CUTTING, J.—Motion overruled and judgment on the verdict, on both grounds taken by plaintiff's attorneys.

TENNEY, C. J., and HATHAWAY and RICE, J. J., concurred.